UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL J. LINDELL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>　　　　Defendants. | Case No. 21-cv-2296-RBW |

**SMARTMATIC DEFENDANTS' UNOPPOSED MOTION TO CONTINUE THEIR DEADLINE TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, the "Smartmatic Defendants"), through their attorney, Emily Newhouse Dillingham, respectfully and unopposed, move this Court for a continuance of their deadline to answer or otherwise respond to Plaintiff Michael J. Lindell's complaint (ECF No. 1, the "Complaint").

This case was recently transferred from the District of Minnesota (ECF No. 52). Defendants U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, the "Dominion Defendants") currently do not have a deadline to answer or otherwise respond to the Complaint entered on the CM/ECF system. Pursuant to Federal Rule of Civil Procedure 6(b) and Rule 11 of this Court's General Order for Civil Cases,[1] the Smartmatic

---

[1] *See* https://www.dcd.uscourts.gov/sites/dcd/files/FINALGeneralOrderGuidelinesCivilCases.pdf.

Defendants respectfully request that their deadline to answer or otherwise respond to the Complaint be continued until after a reassignment decision has been rendered, and ultimately set by further order of the Court at that time.

The Smartmatic Defendants make this request with the understanding that this Court's Rule 11(d) instructs the movant to suggest a timeline for related filings. For the reasons stated below, a suggested timeline at this juncture would not account for the requested reassignment. Should the Court so require, following a determination on reassignment, the Smartmatic Defendants and Plaintiff Lindell will submit a proposed briefing schedule.

The Smartmatic Defendants have consulted with counsel for Plaintiff Lindell and with counsel for the Dominion Defendants. Neither Plaintiff Lindell nor the Dominion Defendants oppose this request.

For good cause, the Smartmatic Defendants state as follows:

1. On June 3, 2021, Plaintiff Lindell filed this lawsuit in the United States District Court for the District of Minnesota. (ECF No. 1.) The matter was assigned to the Honorable Patrick J. Schiltz. (ECF No. 17.)

2. On July 7, 2021, Judge Schiltz stayed all deadlines until further order of the Court as to the Dominion Defendants because of litigation between the Dominion Defendants and Lindell pending before the Honorable Carl J. Nichols of the United States District Court for the District of Columbia. (ECF No. 19; *see U.S. Dominion, Inc. et al. v. My Pillow Inc., et al.*, Case No. 1:21-cv-00445-CJN (D.D.C.).)

3. On July 8, 2021, Judge Schiltz entered an order clarifying ECF No. 19, permitting Plaintiff to, without violating the stay order, file waivers of service or returns of service from the Smartmatic Defendants. (ECF No. 21.)

4. On July 13, 2021, Plaintiff filed waivers of services for the Smartmatic Defendants. (ECF Nos. 22–24.)

5. The Smartmatic Defendants and Plaintiff Lindell entered a stipulation that the Smartmatic Defendants would answer or otherwise respond to the Complaint on or before *the later of* (1) a date set by the Court at an anticipated status conference, or (2) October 7, 2021. (ECF No. 33.)

6. On July 14, 2021, Judge Schiltz entered an order approving the stipulation. The order stated that the Smartmatic Defendants "shall have until *the later of* the following to answer or otherwise respond to Plaintiff's Complaint: 1. October 7, 2021; or 2. a deadline set by the Court at the status conference or hearing date scheduled pursuant to Point 2 of the Court's Order dated July 7, 2021 (ECF No. 19 at 2)." (ECF No. 35, emphasis in original.)

7. On August 20, 2021, Judge Schiltz held a status conference with the parties regarding the ongoing litigation before Judge Nichols. (ECF No. 44.) Judge Schiltz did not lift the stay of all deadlines entered on July 7, 2021, or set a deadline for the Smartmatic Defendants to answer or otherwise respond to the Complaint. The parties subsequently stipulated, subject to a reservation of certain rights, that it would be appropriate to transfer this action and a related action involving the Dominion Defendants, *My Pillow, Inc. v. US Dominion, Inc., et al.*, No. 21-cv-01015-PJS (D. Minn. Apr. 19, 2021) (now captioned No. 1:21-cv-02294-RBW (D.D.C.)), to the District of Columbia. (ECF Nos. 45, 46.)

8. On August 25, 2021, Judge Schiltz ordered that this case and the related action be transferred to the United States District Court for the District of Columbia, under 28 U.S.C. § 1404(a). (ECF No. 48.)

9. On September 14, 2021, this case was transferred in from the District of Minnesota. (ECF No. 52.)

10. On September 14, 2021, the Dominion Defendants filed with this Court a Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court, regarding the following cases:

 a. *US Dominion, Inc. et al. v. Patrick Byrne*, No. 1:21-cv-02131-CJN (ECF No. 54);

 b. *US Dominion, Inc. et al. v. Rudolph W. Giuliani*, No. 1:21-cv-00213-CJN (ECF No. 55);

 c. *US Dominion, Inc., et al. v. Michael J. Lindell and My Pillow, Inc.*, No. 1:21-cv-00445-CJN (ECF No. 56);

 d. *My Pillow, Inc. v. US Dominion, Inc., et al.*, No. 1:21-cv-02294-RBW (ECF No. 57);

 e. *US Dominion, Inc., et al. v. Herring Networks, Inc., et al.*, No. 1:21-cv-02130-CJN (ECF No. 58); and

 f. *US Dominion, Inc., et al. v. Sidney Powell, et al.*, No. 1:21-cv-00040-CJN (ECF No. 59).

11. On September 27, 2021, the Dominion Defendants sent a letter to this Court, copying Judge Nichols and counsel of record, requesting that this case (and *My Pillow, Inc. v. US Dominion, Inc., et al.*, No. 1:21-cv-02294-RBW) be reassigned to Judge Nichols. *See* Exhibit A.

12. At present, all deadlines are stayed as to the Dominion Defendants. However, because Judge Schiltz approved the stipulation entered by Plaintiff Lindell and the Smartmatic Defendants and, at the August 20, 2021 status conference, set no date to answer or otherwise respond to the Complaint (ECF Nos. 35, 44), the Smartmatic Defendants currently must answer or otherwise respond to the Complaint on or before October 7, 2021.

13. Counsel for the Smartmatic Defendants have consulted with counsel for Plaintiff Lindell and the Dominion Defendants. Neither opposes a continuance of the Smartmatic Defendants' deadline to answer or otherwise respond to the Complaint.

14. Because the case is stayed as to the Dominion Defendants and there are no other scheduled deadlines, the Court's granting of the motion will have no effect on the case schedule.

15. It would promote judicial economy to decide whether this case will be reassigned before requiring some Defendants, but not others, to file answers or otherwise respond to the Complaint. It would also promote judicial economy to stay the deadlines in this case as to all Defendants or none of them, which may obviate the need for duplicative deliberations, rulings, and conferences.

For the foregoing reasons, the Smartmatic Defendants respectfully request that their deadline to answer or otherwise respond to the Complaint be continued until after a reassignment decision has been rendered, and ultimately set by further order of the Court at that time.

Dated: September 29, 2021

      /s/ Emily Newhouse Dillingham

Emily Newhouse Dillingham (Bar No. IL0043)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Email: edillingham@beneschlaw.com

*Counsel for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2021, the foregoing Smartmatic Defendants' Unopposed Motion to Continue Their Deadline to Answer or Otherwise Respond to the Complaint was served on all parties through the Court's ECF system.

                                                  */s/ Emily Newhouse Dillingham*