IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL J. LINDELL,<br><br>    Plaintiff,<br><br>    v.<br><br>US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>    Defendants. | Case No. 1:21-cv-2296-CJN |

**DOMINION'S MOTION TO CONTINUE TO STAY DEADLINES
AS TO DOMINION PENDING STATUS CONFERENCE[1]**

Defendants, US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") respectfully move the Court to continue to stay all deadlines as to Dominion in *MyPillow v. US Dominion* (Case No. 21-cv-2294-CJN, referred to herein as "*MyPillow*") and *Lindell v. US Dominion* (Case No. 21-cv-2296-CJN, referred to herein as "*Lindell*") pending resolution of the issues that will be discussed during the October 25 status conference in *US Dominion, Inc. et al. v. My Pillow Inc., et al.* (Case No. 1:21-cv-00445-CJN, referred to herein as "*Dominion*"). Counsel for Dominion conferred with counsel for the parties regarding this request. Counsel for the Smartmatic defendants stated that they do not oppose Dominion's motion. Counsel for MyPillow and Lindell stated only that they do not oppose a stay

---

[1] By asking the Court to continue to stay all deadlines as to Dominion in *MyPillow* and *Lindell*, Dominion does not waive and continues to preserve its defenses under Federal Rule of Civil Procedure 12(b).

until October 25, not that they do not oppose a stay until resolution of the issues to be raised at the October 25 status conference.

These three related cases involve common issues of fact and grow out of the same events. As a result, the claims MyPillow and Lindell seek to assert in *MyPillow* and *Lindell* should be brought as compulsory counterclaims in the earlier filed action, *Dominion*. *See* Fed. R. Civ. P. 13(a)(1). In order to promote judicial efficiency and avoid the inequities that would result in requiring Dominion to defend against compulsory counterclaims that MyPillow and Lindell improperly filed as separate lawsuits—especially while MyPillow and Lindell are refusing to answer Dominion's complaint—the Court should continue to stay all deadlines as to Dominion in *MyPillow* and *Lindell* pending the October 25 status conference.

1.

On February 22, 2021, Dominion filed suit against MyPillow, Inc. and Michael J. Lindell in the United States District Court for the District of Columbia based on false and defamatory statements they made about Dominion in connection with the 2020 election. (*Dominion*, Dkt. 1) MyPillow and Lindell moved to dismiss Dominion's complaint or, in the alternative, transfer the case to the United States District Court for the District of Minnesota. (*Dominion*, Dkt. 30, 34) On August 11, the Court issued an Order and Memorandum Opinion denying MyPillow's and Lindell's motions. (*Dominion*, Dkt. 53, 54)

2.

On April 19, 2021, the same day MyPillow moved to dismiss or transfer Dominion's lawsuit, MyPillow filed a separate suit against Dominion in the United States District Court for the District of Minnesota. MyPillow's suit alleges that Dominion violated MyPillow's constitutional rights, tortiously interfered with its prospective business relations, and committed

an abuse of process by sending cease-and-desist letters and ultimately suing MyPillow and Lindell, all related to the false and defamatory statements MyPillow and Lindell made about Dominion's role in the 2020 election. (*MyPillow*, Dkt. 1)

3.

On June 3, 2021, Lindell filed his own lawsuit suit against Dominion and the Smartmatic defendants in the United States District Court for the District of Minnesota. (*Lindell*, Dkt. 1) Lindell's lawsuit is also based on actions Dominion allegedly took in connection with the 2020 election and thus bears a logical relationship to the transaction that is the subject matter of *Dominion*.

4.

On July 6 and 7, 2021, Judge Patrick J. Schiltz entered orders in *My Pillow* and *Lindell* staying all deadlines until further order of the Court as to Dominion because of the related litigation between Dominion, MyPillow, and Lindell already pending in the United States District Court for the District of Columbia. (*MyPillow*, Dkt. 49; *Lindell*, Dkt. 19) On August 20, 2021, after being notified of this Court's ruling on MyPillow's and Lindell's motions to dismiss Dominion's complaint, Judge Schiltz held a status conference and requested that the parties confer about a stipulation to transfer *MyPillow* and *Lindell* to the United States District Court for the District of Columbia. Following that status conference, the parties entered into a stipulation (*MyPillow*, Dkt. 59; *Lindell*, Dkt. 46), and on August 25, 2021, Judge Schiltz ordered that the cases be transferred to the United States District Court for the District of Columbia. (*MyPillow*, Dkt. 61; *Lindell*, Dkt. 48)

5.

On September 14, 2021, upon completion of the transfer, Dominion filed notices of related cases in all three lawsuits in accordance with Local Rule 40.5. Both *MyPillow* and *Lindell* were initially assigned to Senior Judge Reggie B. Walton. On September 27, Dominion's counsel sent a letter to Judge Walton and Judge Nichols, requesting that the two cases be reassigned to Judge Nichols in the interest of judicial economy because of their relatedness to the earlier filed case, *Dominion*, which was already pending before Judge Nichols. The two cases were reassigned to Judge Nichols on October 5, 2021. (*MyPillow*, Dkt. 75; *Lindell*, Dkt. 73)

6.

On October 7, 2021, MyPillow and Lindell filed a motion for a status conference in this Court in *Dominion*. (*Dominion*, Dkt. 78) The following day, on October 8, Dominion also moved this Court for a status conference in *Dominion*. (*Dominion*, Dkt. 81) The parties jointly seek guidance from the Court on whether (i) this Court currently has jurisdiction over MyPillow and Lindell in light of their efforts to appeal the Court's denial of their motions to dismiss Dominion's complaint and (ii) whether this case is consolidated for purposes of discovery with *US Dominion, Inc. et al v. Giuliani*, No. 1:21-cv-00213-CJN and *US Dominion, Inc. et al v. Powell et al*, No. 1:21-cv-00040-CJN. In response, the Court entered a Minute Order on October 11, 2021 setting a status conference for October 25, 2021 at 11:00 am. (*Dominion*, Oct. 11, 2021 Minute Order)

7.

This Court has not lifted the stay as to Dominion that Judge Schiltz entered while *MyPillow* and *Lindell* were pending in the District of Minnesota. Nor has it entered a schedule for Dominion to answer or otherwise respond to the complaints in the two recently transferred actions. As evidenced by the decision to consolidate the three lawsuits in this Court, *Dominion, MyPillow*, and

4

*Lindell* are all related cases. In fact, the claims Lindell and MyPillow assert against Dominion should be filed as compulsory counterclaims in *Dominion*. *See* Fed. R. Civ. P. 13(a)(1); *see also* 6 C. Wright and A. Miller, *Fed. Prac. & Proc. Civ.* § 1418 (3d ed.) ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.").

8.

Accordingly, and in order to avoid the inefficiencies that would result in allowing these three cases to proceed separately, good cause exists for the Court to continue to stay all deadlines as to Dominion in *MyPillow* and *Lindell* pending resolution of the issues to be discussed during the October 25 status conference, in particular the question of whether Lindell and MyPillow are required to answer Dominion's complaint (and assert any compulsory counterclaims) now or whether they can wait until after the Court of Appeals issues a ruling on their attempt to appeal this Court's denial of their motions to dismiss. *MyPillow* and *Lindell* were transferred to this Court because they involve common issues of fact and grow out of the same events that form the basis of Dominion's earlier filed suit. It would be unfair to require Dominion to defend against what should be compulsory counterclaims before MyPillow and Lindell answer Dominion's complaint, especially since MyPillow and Lindell have refused to answer the complaint and assert that the Court no longer even has jurisdiction over the case.

9.

For these reasons, Dominion respectfully requests that the Court continue to stay all deadlines as to Dominion in *MyPillow* and *Lindell* pending resolution of the issues to be discussed during the October 25 status conference set by the Court in *Dominion*.

Dated: October 14, 2021

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443*)*
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117*)*
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice)*
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

Respectfully submitted,

　　　　/s/ Laranda Walker　　　　
Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Attorneys for Plaintiffs*

**STATEMENT OF CONFERENCE**

In accordance with Local Rule 7(m), Dominion states that the parties conferred regarding the relief requested herein. Counsel for the Smartmatic defendants stated that they do not oppose the motion; Counsel for MyPillow and Lindell stated only that they do not oppose a stay until October 25, not that they do not oppose a stay until resolution of the issues to be raised at the October 25 status conference.

/s/ Laranda Walker

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2021, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand will serve counsel for the parties.

/s/ Laranda Walker