IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL J. LINDELL, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>US DOMINION, INC., DOMINION )<br>VOTING SYSTEMS, INC., )<br>DOMINION VOTING SYSTEMS )<br>CORPORATION, SMARTMATIC )<br>USA CORP., SMARTMATIC )<br>INTERNATIONAL HOLDING B.V., )<br>and SGO CORPORATION LIMITED, )<br>)<br>*Defendants*. )<br>) | Case No. 1:21-cv-02296-CJN |

**PLAINTIFF'S MOTION FOR CLARIFICATION OF STAY ORDER, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME**

Plaintiff Michael J. Lindell ("Lindell") respectfully files this Motion for Clarification of the Court's October 18, 2021 Minute Order Staying this case ("Stay Order") or, in the alternative, a Motion for Extension of Time to respond to Smartmatic's[1] October 27, 2021 Motion to Dismiss [Dkt. No. 81] (the "Motion"), and in support thereof, states as follows:

**I.
BACKGROUND**

On October 18, 2021, the Court entered a Minute Order in Case No. 1:21-cv-02296-CJN, which stated, in pertinent part: "It is hereby ORDERED that the case will remain stayed pending resolution of the issues to be discussed during the October 25, 2021 status conference in *US Dominion, Inc. et al. v. My Pillow Inc., et al.* (Case No. 1:21-cv-00445-CJN). During that October

---

[1] Herein, "Smartmatic" collectively refers to Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited.

25, 2021, status conference (the "Status Conference"), the Court issued an oral order that the Stay Order would remain in place pending the parties meet and confer and filing of a Joint Status Report on November 5, 2021.

Subsequent to the Status Conference, counsel for Smartmatic (who was not ordered to attend, and did not attend, the Status Conference) and counsel for Lindell conferred regarding the outcome of the Status Conference and whether Smartmatic was under a deadline to respond to Lindell's Complaint. Lindell took the position that this entire matter was stayed and informed Smartmatic that Lindell would make no argument that Smartmatic missed a deadline if it did not respond by October 27; Smartmatic indicated that it believed that only Lindell's claims against Dominion were stayed despite the language in the Stay Order that "the case" was to remain stayed. On October 27, 2021, Smartmatic filed its Motion.

On October 29, counsel for Smartmatic, Lindell and Dominion held a telephonic meet and confer to address the issues the Court raised at the Status Conference.[2] Lindell again reiterated his position that the entirety of this action was stayed. Dominion and Lindell reached an agreement that, should Dominion's claims against Lindell remain following Lindell's appeal of the Court's order denying Lindell's motion to dismiss in Case No. 1:21-cv-00445-CJN ("Dominion's Lawsuit"), this matter would be combined into Dominion's Lawsuit. Lindell would file an answer and counterclaim against Dominion, Dominion would answer or otherwise respond, and Lindell would respond to Dominion's responsive filing as appropriate.

In the interest of judicial economy, Lindell proposed the same procedural scheme for Smartmatic, but Smartmatic did not agree. Instead, Smartmatic wishes to have this case proceed on two tracks – Lindell's claims against Smartmatic proceeding immediately, and Lindell's claims

---

[2] The full outcome of that meet and confer will be laid out in the parties' Joint Status Report to be filed on or before November 5, 2021; only the portions of that call pertinent to this Motion are set out here.

against Dominion proceeding according to the Lindell/Dominion agreed timeframe. Because this two-track procedure would waste judicial resources, and the timeframe agreed by Lindell and Dominion would prejudice no party, Lindell seeks this Court's clarification of the Stay Order, or in the alternative, an extension of time to respond to the Motion.

## II.
## MOTION FOR CLARIFICATION

Lindell and Smartmatic have two opposite readings of the Stay Order. The language of the Stay Order indicates that the entirety of "the case" – not just Lindell's claims against Dominion – remains stayed pending resolution of the matters raised by the Court during the Status Conference. This comports with the Court's stated preference for an orderly procedure to resolve these cases – indeed, splitting up a case between two defendants accused of conspiring with each other would be very inefficient. Accordingly, Smartmatic was under no deadline to respond to Lindell's complaint, and Lindell is under no deadline to respond to Smartmatic's Motion.

If Smartmatic's interpretation of the Stay Order were correct, Lindell's response to Smartmatic's Motion would be due on November 10, 2021. *See* LCvR 7(b). Requiring Lindell to respond while only a portion of the case was stayed would cause confusion and inefficiencies. For instance, Smartmatic would presumably request the Court hear the motion immediately, leaving the Court to hear its motion now and Dominion's presumed motion to dismiss later.

Based on the foregoing facts, Smartmatic's Motion to Dismiss was filed while the entire case was under a Stay Order. Because of Smartmatic's different interpretation of the Stay Order, Lindell respectfully requests that the Court clarify its Stay Order to confirm that Smartmatic's Motion to Dismiss was filed while the case was stayed and, thus, no responsive pleading is due until further order of the Court.

## III.
## IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS

In the alternative, if the Court did not intend that this entire matter be stayed, including the claims against Smartmatic, Lindell respectfully requests the Court extend the deadline to file his response to Smartmatic's Motion until the Court has entered a scheduling order and set deadlines for motions and briefing following resolution of Lindell's appellate issues. As with Lindell's and Dominion's agreement in the forthcoming Joint Status Report, Lindell's response to Smartmatic's Motion to Dismiss would not be due until further order of the Court.

## IV.
## STANDING ORDER 9.B. STATEMENT

Accordingly, as required by Section 9.B. of the Court's Standing order, Lindell states as follows:

i. The original date of the deadline for Lindell to respond to Smartmatic's motion to dismiss, according to Smartmatic, is November 10, 2021;

ii. There have been no previous extensions granted for this deadline;

iii. As described above, the Court's Stay Order applies to the entirety of the case, not just Dominion's response deadlines. Accordingly, the entire case is stayed. Despite this, Smartmatic chose to file its motion to dismiss. Lindell should not be required to respond or otherwise answer Smartmatic's motion pending resolution of the stay and further order from the Court;

iv. No additional deadlines will be affected by granting the motion for extension of time because the case is currently stayed by order and agreement amongst Dominion and Lindell. Further, granting the motion for extension of time is in the interest of judicial economy and efficiency because two different trajectories regarding claims against Dominion and Smartmatic with substantially the same issues of law and fact would be undesirable;

v. Lindell would suggest a deadline consistent with the parties' agreement in that once his appellate issues have been resolved, without waiver of his right to request transfer of the case back to the District of Minnesota following a favorable opinion from the Circuit Court, Lindell would file an answer and counterclaim against Dominion and third-party claim against Smartmatic within a reasonable time or 21 days. After such time, Dominion and Smartmatic may answer or file a responsive

pleading. Only then would Lindell be required to respond or otherwise answer within 14 days consistent with LCvR 7(b); and

vi. Counsel for Smartmatic is opposed to this motion because it believes Lindell's Response is due November 10, 2021. *See* Ex. A, M. Sinclair email to H. Novosad Nov. 3, 2021); Ex. B., Nov. 3, 2021 email string between M. Sinclair and H. Novosad.

This Motion is filed so that justice may be served and not for purposes of delay.

Date: November 3, 2021

Respectfully submitted,

DANIELS & TREDENNICK, PLLC

/s/ Douglas A. Daniels
Douglas A. Daniels
D.C. Bar ID: TX0205
Heath A. Novosad
D.C. Bar ID: TX0207
DANIELS & TREDENNICK PLLC
6363 Woodway Dr., Suite 700
Houston, TX 77057-1759
(713) 917-0024 Telephone
(713) 917-0026 Facsimile
Email: doug.daniels@dtlawyers.com
Email: heath.novosad@dtlawyers.com

*Counsel for Plaintiff Michael J. Lindell*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Smartmatic via telephone and email as described herein. As indicated on Exhibit B hereto, Smartmatic is opposed to the relief sought in this motion.

/s/ Heath A. Novosad
Heath A. Novosad

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties of record through the Court's CM ECF system on November 3, 2021.

/s/ Douglas A. Daniels
Douglas A. Daniels