UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. LINDELL,

        Plaintiff,

    vs.

US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,

        Defendants.

Case No. 21-cv-2296-CJN

**SMARTMATIC DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLARIFICATION OF STAY ORDER,
OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME**

    Mr. Lindell's Complaint accuses an election technology company of criminal racketeering activity, violating Section 2 of the Civil Rights Act of 1871 (also known as the Ku Klux Klan Act), and conspiracy. Recognizing that his claims will soon be dismissed, Mr. Lindell manufactures an argument that the Court has stayed his own lawsuit. As his claims linger indefinitely, their damage to Smartmatic is ongoing.

    Smartmatic[1] is an election technology and software company that provides election services to local, state, and national governments. Smartmatic's mission is, and always has been,

---

[1] "Smartmatic" refers to Smartmatic USA Corp., Smartmatic International Holding, B.V., and SGO Corporation Limited, also referred to as the "Smartmatic Defendants."

1

to increase the democratic process through enhanced citizen engagement and *trust* in election system. Smartmatic's clients are governments and it serves democracies.

Mr. Lindell's allegations that Smartmatic committed criminal racketeering activity, violated the Ku Klux Klan Act (41 U.S.C. § 1985(3)), and conspired against him in connection with his statements about the 2020 U.S. Presidential election are both false and profoundly toxic to its election business. He nevertheless asks the Court to preserve his allegations indefinitely because of proceedings in cases to which Smartmatic is not a party. The Court should not grant his motion. Mr. Lindell's position that the Court has already stayed the case as to his claims against Smartmatic is a stretch at best. The Court has not stayed the Smartmatic Defendants' deadline to answer or otherwise respond to Mr. Lindell's claims against them.

The motion to dismiss Lindell's claims filed by the Smartmatic Defendants on October 27, 2021 (ECF No. 81) must be briefed forthwith so that it can be decided, and Smartmatic's name cleared.

Mr. Lindell's Motion for Clarification of Stay Order, or in the Alternative, Motion for Extension of Time (the "Motion") (ECF No. 82) should be denied.

## BACKGROUND

On June 3, 2021, Mr. Lindell filed this lawsuit in the United States District Court for the District of Minnesota. (ECF No. 1.) Mr. Lindell's Complaint asserts three claims against Smartmatic: (1) violation of the Support and Advocacy Clause (42 U.S.C. § 1985(3), enacted under Section 2 of the Civil Rights Act of 1871—also known as the Ku Klux Klan Act); (2) participation

in a civil conspiracy with the Dominion Defendants[2]; and (3) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO").

On July 7, 2021, that Court stayed all deadlines as to the Dominion Defendants because of litigation between MyPillow, Inc., Mr. Lindell, and the Dominion Defendants, pending before this Court. (ECF No. 19.) That Court subsequently clarified its order to allow Mr. Lindell to file service waivers or returns as to the Smartmatic Defendants. (ECF No. 21.) After the Smartmatic Defendants waived service, that Court ordered the Smartmatic Defendants to answer or otherwise respond to the Complaint on or before "*the later of* . . . 1. October 7, 2021; or 2. a deadline set by the Court at the status conference or hearing date scheduled pursuant to Point 2 of the Court's Order dated July 7, 2021 (ECF No. 19 at 2)." (ECF No. 35, emphasis in original.)

The District of Minnesota Court then transferred the case to the United States District Court for the District of Columbia. This case was first assigned to the United Stated District Judge Reggie B. Walton. (ECF No. 52.) The Dominion Defendants filed six notices of related cases (ECF Nos. 54, 55, 56, 57, 58, 59) and sent a letter to Judge Walton and this Court requesting reassignment to this Court. (ECF No. 69-1.)

The Smartmatic Defendants moved, on behalf of the Smartmatic Defendants only, for an extension of time to answer or otherwise respond to the complaint pending a decision on reassignment. (ECF No. 69.) The Smartmatic Defendants did not move on behalf of the Dominion Defendants. The case was then reassigned to this Court, which "granted" the Smartmatic Defendants' motion for extension in a text order that read as follows:

> MINUTE ORDER. After review of the Defendants' 69 Unopposed Motion to Continue the Deadline to Respond to the Complaint, it is hereby ORDERED that the Motion is GRANTED. Defendants shall respond to the Complaint on or before

---

[2] The "Dominion Defendants" refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation.

October 27, 2021. Signed by Judge Carl J. Nichols on October 6, 2021. (lccjn2) (Entered: 10/06/2021)[3]

(The "First Minute Order.")

On October 14, 2021, the Dominion Defendants moved, on behalf of the Dominion Defendants only, for the Court to continue the stay of all deadlines related to Dominion pending a status conference in *US Dominion Inc., et al. v. My Pillow, Inc., et al.*, Case No. 21-cv-445-CJN (the "Dominion Action"). (*See* ECF. No. 78.) Dominion did not seek to stay any deadlines involving the Smartmatic Defendants. (*See id*. at 5.) At that time, the Smartmatic Defendants did not request a stay of their deadlines in this case, No. 21-cv-2296-CJN, and the Smartmatic Defendants are not a party to the Dominion Action pending against MyPillow, Inc., and Mr. Lindell, No. 21-cv-445-CJN. Neither Mr. Lindell nor Dominion sought to stay any such deadlines as to the Smartmatic Defendants. As such, no request for a stay with respect to the Smartmatic Defendants was before the Court.

The Court "granted" the Dominion Defendants' October 14 motion, which sought relief on behalf of the Dominion Defendants only, in a text order that read as follows:

> MINUTE ORDER. In light of the Defendants' 78 Motion to Stay Deadlines Until the Upcoming Status Conference, it is ORDERED that the Motion is GRANTED. It is hereby ORDERED that the case will remain stayed pending resolution of the issues to be discussed during the October 25, 2021 status conference in US Dominion, Inc. et al. v. My Pillow Inc., et al. (Case No. 1:21-cv-00445-CJN). Signed by Judge Carl J. Nichols on October 18, 2021. (lccjn2) (Entered: 10/18/2021)[4]

(The "Second Minute Order.") At the time the Court granted Dominion's request for relief on behalf of Dominion only, there was no stay pending with regards to Mr. Lindell's claims against

---

[3] This text order (the "First Minute Order") was not assigned an ECF number.

[4] This text order (the "Second Minute Order") was not assigned an ECF number.

15166696 v7

the Smartmatic Defendants, and there was no request for a stay of the case against the Smartmatic Defendants pending before the Court.

On October 25, 2021, there was a status conference in the Dominion Action against MyPillow, Inc., and Mr. Lindell, No. 21-cv-2294-CJN. The Smartmatic Defendants are not parties to the Dominion Action. Counsel for the Smartmatic Defendants did not attend the status conference. The Smartmatic Defendants were not discussed at that conference. (*See* Transcript of Status Conference, *US Dominion, Inc. et al v. My Pillow, Inc. et al*, Case No. 1:21-cv-00445-CJN (D.D.C. Oct. 25, 2021).)

Also on October 25, 2021, counsel for Mr. Lindell contacted counsel for Smartmatic to discuss, in part, the Smartmatic Defendants' deadline to answer or otherwise respond to Mr. Lindell's Complaint. At the time of the call, the Smartmatic Defendants had two days in which to respond to the Complaint. (*See* First Minute Order.) Mr. Lindell's counsel took the position that the grant of the Dominion Defendants' motion, which did not seek relief on behalf of the Smartmatic Defendants, conferred a stay on all parties to this case. (*See* ECF No. 82 at 2.) Mr. Lindell's counsel stated further that he would make no argument that Smartmatic missed a deadline if it did not respond by October 27. (*Id*.)

Per this Court's Standing Order, parties may not stipulate to extensions or enlargements of time. The Standing Order in this case states as follows:

> Motions for extension of time are discouraged. Any such motions should be filed at least four days prior to the deadline and conform with the requirements of Section 9(b).[] **Extensions or enlargements of time will only be granted upon motion and not upon stipulation of the Parties**.

(ECF No. 74 at 3 (emphasis added).)

During the October 25 teleconference, counsel for Smartmatic informed Mr. Lindell that this case is not stayed as to the Smartmatic Defendants and explained why. Counsel for Smartmatic

5

informed counsel for Mr. Lindell that, per the Local Rules, his response in opposition to Smartmatic's motion to dismiss would be due 14 days after the motion was filed. *See* LCvR 7(b). Counsel for Mr. Lindell did not request an extension of time for a defined period in which to file his opposition to the motion to dismiss.

On October 27, 2021, and in accordance with the Court's directive in the First Minute Order, the Smartmatic Defendants moved to dismiss Mr. Lindell's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 81.)

On October 29, 2021, counsel for Mr. Lindell, the Dominion Defendants, and My Pillow Inc., held a telephonic meet and confer to address issues raised at the October 25 Status Conference in the Dominion Action against MyPillow, Inc., and Mr. Lindell. (Case No. 1:21-cv-00445-CJN). The Smartmatic Defendants are not parties to the Dominion Action. Counsel for the Smartmatic Defendants' participation in the meet and confer was limited to one issue: Mr. Lindell's obligation to respond to the motion to dismiss. Mr. Lindell took the position that the entirety of this case, No. 21-cv-2296, was stayed. Counsel for the Smartmatic Defendants informed Mr. Lindell that this case is not stayed as to the Smartmatic Defendants and explained why. Counsel for Mr. Lindell did not request an extension of time for a defined period in which to file his opposition to the motion to dismiss.

Mr. Lindell now asks the Court to re-write the Second Minute Order—which granted a motion that sought no relief regarding the Smartmatic Defendants, maintained a stay of the case against Dominion to which the Smartmatic Defendants were not subject, and keyed itself to a status conference in a case to which the Smartmatic Defendants are not parties—to stay this case as to the Smartmatic Defendants.

15166696 v7

# ARGUMENT

The Motion should be denied for three reasons. First, there is no clarification needed regarding a stay that does not apply to the Smartmatic Defendants. Second, Mr. Lindell's request in the alternative for an "extension" is really a request for an indefinite stay pending the resolution of numerous procedural issues in a case to which the Smartmatic Defendants are not parties. Finally, the Smartmatic Defendants do not oppose a brief, defined extension to permit Mr. Lindell a reasonable time to prepare his response to the Smartmatic Defendants' motion to dismiss.

**I.   There Is No Clarification Needed Regarding a Stay That Does Not Apply to The Smartmatic Defendants.**

The Second Minute Order provides only that the stay as to the Dominion Defendants shall "remain" in place. It does not extend to and should not be expanded to include the Smartmatic Defendants. The Second Minute Order granted only a motion by the Dominion Defendants, on behalf of the Dominion Defendants only, to continue the stay they received while the case was before the District of Minnesota (ECF No. 78). The Second Minute Order specifically stated that that "the case shall *remain stayed*" pending the status conference in the Dominion Action against Mr. Lindell and his company, MyPillow, Inc. (Second Minute Order (emphasis added).) The Smartmatic Defendants are not a party to the Dominion Action. The term "remain" can only be read to maintain the stay of the case against Dominion that already existed. The stay that already existed reached only the Dominion Defendants. (*See* ECF Nos. 19, 21, 35; *cf*. First Minute Order.)

In fact, the Smartmatic Defendants have had a responsive-pleading deadline at practically all times since they entered the case. (*See* ECF No. 35; *see also* First Minute Order). Any stay applicable to the Dominion Defendants did not benefit the Smartmatic Defendants. This Court's grant of the Smartmatic Defendants' motion for continuance evidenced that pleading deadline. (*See* ECF No. 69, First Minute Order.) If that stay applied to the Smartmatic Defendants, the First

7

Minute Order is rendered meaningless. Accordingly, the only stay that could "remain" in place for purposes of the Second Minute Order is the stay that reached the Dominion Defendants only.

While Mr. Lindell's treatment of the word "remain" would leave it empty, his reading of the phrase "the case" would stuff those two words with more meaning than they can hold. Because no stay was in place as to the Smartmatic Defendants (*see* First Minute Order), Mr. Lindell necessarily reads "the case" as a decision to stay this matter as to the Smartmatic Defendants without any analysis or balancing of the relevant equities whatsoever. *Cf. Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (granting writ of mandamus as to a stay order and remanding in part because the district court granted a stay without weighing competing interests and possible hardship to the parties). The Second Minute Order cannot bear this construction and plainly was not intended to analyze whether the case should be stayed as to the Smartmatic Defendants.

The Second Minute Order must be understood to mean no more than what it said: it granted the relief sought by the Dominion Defendants, on behalf of the Dominion Defendants only. The stay of the case against the Dominion Defendants that the Dominion Defendants received in Minnesota remained in place. The First Minute Order, setting a deadline of October 27, 2021 for the Smartmatic Defendants to answer or otherwise respond to the Complaint, remained in place, and the case shall proceed as to the Smartmatic Defendants.

**II.      Mr. Lindell's Proposed Stay Imposes an Undue Hardship on Smartmatic.**

Mr. Lindell's request in the alternative for an "extension of time to file his response" to Smartmatic's motion to dismiss is ultimately another request for an indefinite stay. (*See* Motion § III.) Mr. Lindell proposes no date certain by which he would file his response to the pending motion to dismiss. (*See id*.) Instead, he seeks a stay until further order of this Court, pending

15166696 v7

resolution of procedural and legal issues in cases to which the Smartmatic Defendants are not parties. (*See id*. at 1–3.) This alternative request should be denied.

Mr. Lindell's motion fails to present any legal analysis to the Court in support of his request for a stay. Courts impose stays only after "engag[ing] in the interest balancing required by" the Supreme Court's decision in *Landis v. North American Company*, 299 U.S. 248 (1936). *Belize Soc. Dev. Ltd.*, 668 F.3d at 732. That analysis "calls for the district court, in 'the exercise of judgment,' to 'weigh competing interests and maintain an even balance[]' between the court's interests in judicial economy and any possible hardship to the parties." *Id*. at 732–33 (quoting *Landis*, 299 U.S. at 254–55, 259). In this case, the hardships borne by Smartmatic are profound: Mr. Lindell accuses an election technology company of engaging in criminal racketeering activity, violating the KKK Act, and conspiring to deprive Mr. Lindell of his right to speak about the 2020 U.S. Presidential election. Further, a stay of Mr. Lindell's claims against the Smartmatic Defendants does a disservice to the Court's resources.

Mr. Lindell should respond to the Smartmatic Defendants' motion to dismiss his claims in a defined and reasonable period of time. Smartmatic asks for nothing more than to litigate Mr. Lindell's claims, try as he might to avoid doing so.

## III.   The Smartmatic Defendants Do Not Oppose a Reasonable Extension of Time.

Mr. Lindell should not receive an indefinite stay of the prosecution of his claims against the Smartmatic Defendants. However, the Smartmatic Defendants do not oppose a brief, defined extension to permit Mr. Lindell a reasonable time to prepare his response to the Smartmatic Defendants' motion to dismiss. The Smartmatic Defendants propose a limited extension to give Mr. Lindell 28 days to respond to the motion to dismiss, requiring a filing on or before November

24, 2021; and 21 days for the Smartmatic Defendants to reply, requiring a filing on or before December 15, 2021.

Dated: November 4, 2021

      /s/ Martin V. Sinclair, Jr.

J. Erik Connolly (*admitted pro hac vice*)
  Illinois ARDC No. No. 6269558
  Email: econnolly@beneschlaw.com
Nicole E. Wrigley (*admitted pro hac vice*)
  Illinois ARDC No. No. 6278749
  Email: nwrigley@beneschlaw.com

Martin V. Sinclair, Jr.
  D.C. Bar No. IL0097
  Email: msinclair@beneschlaw.com
Emily Newhouse Dillingham
  D.C. Bar No. IL0043
  Email: edillingham@beneschlaw.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949

*Counsel for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2021, the foregoing SMARTMATIC DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OF STAY ORDER, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME was served on all parties through the Court's ECF system.

    /s/ Martin V. Sinclair, Jr.

Martin V. Sinclair, Jr.
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Email: msinclair@beneschlaw.com

*Counsel for Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*